Felipe R. Parker (SBN 246212)

The Law Office of Felipe Parker
405 49th Street
Oakland, CA 94609
Main:  415.484.1448
Fax:   415.294.2888
info@fparkerlaw.com

Attorney for Defendant
Loqman Translations

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| LINGUALINX LANGUAGE SOLUTIONS, INC, | CASE NO. CV 07 5575 MMC |
| Plaintiff, | **ANSWER OF DEFENDANT LOQMAN TRANSLATIONS** |
| v. | |
| PARDINI, ET AL., | |
| Defendants. | |

1    Defendant LOQMAN TRANSLATIONS ("Loqman") hereby submits the

2  following Answer to the Verified Complaint ("Complaint") filed by plaintiff

3  LINGUALINX LANGUAGE SOLUTIONS, INC. ("Plaintiff"):

4    1.    Admitted, except that allegations as to the citizenship of Defendant

5  Adrienne Pardini ("Pardini") and Plaintiff are admitted on information and belief.

6    2.    Admitted on information and belief.

7    3.    Admitted.

8    4.    In answering Paragraph 4 of the Complaint, Loqman, on information and

9  belief, admits Pardini formerly acted as a salesperson for Plaintiff.  Loqman, on

10  information and belief, further admits Pardini worked for Plaintiff since at least January

11  2007.  Loqman, on information and belief, further admits Plaintiff's work relationship

12  with Plaintiff ended some time in October 2007.  Loqman, on information and belief,

13  further admits Pardini was a citizen and domiciliary of California at the time of filing of

14  the Complaint.  Loqman, on information and belief, further admits Pardini was last known

15  to reside at 4701 San Leandro Street in Oakland, California.  Loqman lacks sufficient

16  knowledge to form a belief as to the remaining allegations of Paragraph 4 and on that

17  basis denies them.

18    5.    In answering Paragraph 5 of the Complaint, Loqman admits Plaintiff seeks

19  to establish venue pursuant to 28 U.S.C. § 1391(a)(2).  Loqman admits to hiring Pardini as

20  a salesperson based in the Northern District of California.  Loqman lacks sufficient

21  knowledge to form a belief as to the remaining allegations of Paragraph 5 and on that

22  basis denies them.

23    6.    Admitted.

24    7.    In answering Paragraph 7 of the Complaint, Loqman admits Plaintiff is

25  engaged in the business of providing translation services.  Loqman, on information and

26  belief, further admits Plaintiff has an office located in Schenectady, New York.  Loqman,

27  on information and belief, further admits Plaintiff has had an office in San Francisco,

28

California.  Loqman lacks sufficient knowledge to form a belief as to the remaining allegations of Paragraph 7 and on that basis denies them.

8.    In answering Paragraph 8 of the Complaint, Loqman admits Loqman is in the business of providing translation services.  Loqman further admits Loqman is a competitor of Plaintiff.  Loqman lacks sufficient knowledge to form a belief as to the remaining allegations of Paragraph 8 and on that basis denies them.

9.    In answering Paragraph 9 of the Complaint, Loqman, on information and belief, admits Pardini worked as a salesperson for Plaintiff in Schenectady, New York.  Loqman, on information and belief, further admits Pardini's work with Plaintiff included contact with Plaintiff's clients.  Loqman lacks sufficient knowledge to form a belief as to the remaining allegations of Paragraph 9 and on that basis denies them.

10.    In answering Paragraph 10 of the Complaint, Loqman, on information and belief, admits Pardini knew the identities of Plaintiff's clients.  Loqman, on information and belief, further admits Pardini had access to information of Plaintiff, which information Plaintiff believes is proprietary and confidential.  Loqman lacks sufficient knowledge to form a belief as to the remaining allegations of Paragraph 10 and on that basis denies them.

11.    In answering Paragraph 11 of the Complaint, Loqman, on information and belief, admits Pardini signed at least one agreement with Plaintiff relating to her work with Plaintiff.  Loqman further admits Plaintiff attached a document titled "CONFIDENTIALITY AND NONCOMPETE AGREEMENT" to the Complaint and marked it as Exhibit A.  Loqman further admits a signature that resembles "A. Pardini" appears above the handwritten name "Adrienne Pardini" and above the handwritten date "10 Jan 07" on Exhibit A to the Complaint.  Loqman further admits the excerpt from Exhibit A to the Complaint, which Plaintiff reproduced in Paragraph 11 of the Complaint, is identical to its corresponding section in Exhibit A with the following exceptions: (1) Plaintiff has added emphasis in the excerpt and so noted; (2) the word "bill" in Line 27 on Page 4 of the Complaint does not appear in Exhibit A; (3) the word "not" in Line 23 on

Page 5 of the Complaint does not appear in Exhibit A.  Loqman lacks sufficient knowledge to form a belief as to the remaining allegations of Paragraph 11 and on that basis denies them.

12.    In answering Paragraph 12 of the Complaint, Loqman admits the excerpt from Exhibit A to the Complaint, which Plaintiff reproduced in Paragraph 12 of the Complaint, is identical to its corresponding section in Exhibit A except that Plaintiff has added emphasis in the excerpt and so noted.  Except as herein admitted, the remaining allegations of Paragraph 12 are denied.

13.    In answering Paragraph 13 of the Complaint, Loqman admits the excerpt from Exhibit A to the Complaint, which Plaintiff reproduced in Paragraph 13 of the Complaint, is identical to its corresponding section in Exhibit A except that Plaintiff has added emphasis in the excerpt and so noted.  Except as herein admitted, the remaining allegations of Paragraph 13 are denied.

14.    In answering Paragraph 14 of the Complaint, Loqman admits the excerpt from Exhibit A to the Complaint, which Plaintiff reproduced in Paragraph 14 of the Complaint, is identical to its corresponding section in Exhibit A.  Except as herein admitted, the remaining allegations of Paragraph 14 are denied.

15.    In answering Paragraph 15 of the Complaint, Loqman incorporates by reference its answer to Paragraph 18 below.  Loqman further admits Plaintiff attached a document titled "LINGUALINX LANGUAGE SOLUTIONS, INC. EMPLOYEE HANDBOOK" to the Complaint and marked it as Exhibit B.  Loqman lacks sufficient knowledge to form a belief as to the remaining allegations of Paragraph 15 and on that basis denies them.

16.    In answering Paragraph 16 of the Complaint, Loqman admits the excerpt from Exhibit B to the Complaint, which Plaintiff reproduced in Paragraph 16 of the Complaint, is identical to its corresponding section in Exhibit B with the following exceptions: (1) Plaintiff has added emphasis in the excerpt and so noted; (2) the words

"with" and "assign" in Line 27 on Page 8 of the Complaint do not appear in Exhibit B. Except as herein admitted, the remaining allegations of Paragraph 16 are denied.

17.    In answering Paragraph 17 of the Complaint, Loqman admits the excerpt from Exhibit B to the Complaint, which Plaintiff reproduced in Paragraph 17 of the Complaint, is identical to its corresponding section in Exhibit B with the following exceptions: (1) Plaintiff has added emphasis in the excerpt and so noted; (2) the word "a" in Line 9 on Page 9 of the Complaint does not appear in Exhibit B; (3) the word "interest" in Line 10 on Page 9 of the Complaint does not appear in Exhibit B; (4) the word "of" in Line 11 on Page 9 of the Complaint does not appear in Exhibit B; (5) the word "associations" in Line 17 on Page 9 of the Complaint does not appear in Exhibit B. Except as herein admitted, the remaining allegations of Paragraph 17 are denied.

18.    In answering Paragraph 18 of the Complaint, Loqman admits Plaintiff attached a document titled "RECEIPT OF EMPLOYEE HANDBOOK AND EMPLOYMENT-AT-WILL STATEMENT" to the Complaint and marked it as Exhibit C. Loqman further admits a signature that resembles "A. Pardini" appears below the handwritten name "Adrienne Pardini" and below the handwritten date "9 Mar 06" on Exhibit C to the Complaint. Loqman lacks sufficient knowledge to form a belief as to the remaining allegations of Paragraph 18 and on that basis denies them.

19.    Loqman lacks sufficient knowledge to form a belief as to the allegations in Paragraph 19 and on that basis denies them.

20.    In answering Paragraph 20 of the Complaint, Loqman, on information and belief, admits Plaintiff did not have an office in California prior to 2007. Loqman further admits Plaintiff attached a document that appears to be Pardini's Curriculum Vitae to the Complaint and marked it as Exhibit D. Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 20 and on that basis denies them.

21.    In answering Paragraph 21 of the Complaint, Loqman, on information and belief, admits Plaintiff opened an office in California in the summer of 2007. Loqman, on information and belief, further admits Pardini managed and operated the new office.

1  Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in

2  Paragraph 21 and on that basis denies them.

3       22.     In answering Paragraph 22 of the Complaint, Loqman incorporates by

4  reference its answer to Paragraph 21 above.  Loqman lacks sufficient knowledge to form a

5  belief as to the remaining allegations in Paragraph 22 and on that basis denies them.

6       23.     Loqman lacks sufficient knowledge to form a belief as to the allegations in

7  Paragraph 23 and on that basis denies them.

8       24.     Denied.

9       25.     In answering Paragraph 25 of the Complaint, Loqman incorporates by

10  reference its answer to Paragraph 24 above.

11       In answering Paragraph 25 of the Complaint, subsection (a), Loqman admits

12  Plaintiff attached an email to the Complaint and marked it as Exhibit E.  Loqman further

13  admits Exhibit E appears to be an email forwarded from Pardini to herself.  Loqman

14  further admits the apparently forwarded email appears to be a solicitation of translation

15  services by Anne McCourt of Fagan Welles to Pardini.  Loqman lacks sufficient

16  knowledge to form a belief as to the remaining allegations in Paragraph 25, subsection (a),

17  and on that basis denies them.

18       In answering Paragraph 25 of the Complaint, subsection (b), Loqman admits a

19  Loqman representative visited Plaintiff's San Francisco office.  Loqman further admits

20  Plaintiff attached a string of emails between Pardini and Loqman representatives, dated

21  October 5, 2007 through October 10, 2007, to the Complaint and marked them as Exhibit

22  F.  Loqman further admits some of the emails in Exhibit F between Loqman

23  representative Natalie Mann ("Mann") and Pardini discuss arrangements for a meeting at

24  Plaintiff's San Francisco office.  Loqman further admits one of the emails in Exhibit F

25  from Natalie Mann to Pardini asks when Mann and Pardini can "talk and scheme."

26  Except as herein admitted, the remaining allegations of Paragraph 25, subsection (b) are

27  denied.

28

1       In answering Paragraph 25 of the Complaint, subsection (c), Loqman admits
2   Loqman set up an email account for Pardini.  Loqman further admits Plaintiff attached to
3   the Complaint a string of emails between Pardini and Loqman representatives and marked
4   them as Exhibit G.  Loqman further admits Exhibit G contains an email dated October 13,
5   2007, which email Pardini sent to representatives of Loqman requesting creation of an
6   email account.  Loqman further admits that, in the October 13 email, Pardini requests the
7   email account in order to facilitate contact with potential clients.  Loqman lacks sufficient
8   knowledge to form a belief as to the remaining allegations in Paragraph 25, subsection (c),
9   and on that basis denies them.

10      In answering Paragraph 25 of the Complaint, subsection (d), Loqman admits
11  Plaintiff attached to the Complaint a computer screen shot of an email inbox and marked it
12  as Exhibit H.  Loqman further admits the screen shot appears to be a yahoo.com email
13  account belonging to Pardini.  Loqman further admits the screen shot shows the header
14  information for an email dated October 10, 2007 sent to adrienne_pardini@yahoo.com.
15  Loqman further admits the screen shot appears to show that said email contains an
16  attachment titled "Contacts.doc."  Loqman lacks sufficient knowledge to form a belief as
17  to the remaining allegations in Paragraph 25, subsection (d), and on that basis denies
18  them.

19      In answering Paragraph 25 of the Complaint, subsection (e), Loqman admits
20  Pardini has used email to alert Loqman of at least one sales lead.  Loqman further admits
21  Plaintiff attached a string of emails to the Complaint and marked them as Exhibit I.
22  Loqman further admits Pardini sent a Loqman representative an email, reproduced in
23  Exhibit I, stating "I want to talk to you about the project I am going after tomorrow."
24  Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in
25  Paragraph 25, subsection (e), and on that basis denies them.

26      In answering Paragraph 25 of the Complaint, subsection (f), Loqman admits
27  Plaintiff attached two computer screen shots to the Complaint and marked them as Exhibit
28  J.  Loqman further admits the screen shots each show an open file folder on a Microsoft

Windows platform, which folders appear to contain various subfolders and files. Loqman further admits said subfolders and files appear to be part of a parent folder called "Archived Proposals." Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 25, subsection (f), and on that basis denies them.

In answering Paragraph 25 of the Complaint, subsection (g), Loqman admits Plaintiff attached a computer screen shot to the Complaint and marked it as Exhibit K. Loqman further admits said screen shot shows a Microsoft Outlook window open. Loqman further admits said screen shot shows a smaller open window titled "Creating archive…" Loqman lacks sufficient knowledge to form a belief as to the allegations in Paragraph 25, subsection (g), and on that basis denies them.

Loqman lacks sufficient knowledge to form a belief as to the allegations in Paragraph 25, subsection (h), and on that basis denies them.

In answering Paragraph 25 of the Complaint, subsection (j), Loqman denies all allegations contained therein to the extent the allegations implicate Loqman in any conduct described or referenced in Paragraphs 24 or 25. Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 25, subsection (j), and on that basis denies them.

26.    In answering Paragraph 26 of the Complaint, Loqman, on information and belief, admits Plaintiff terminated Pardini some time in October 2007. Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 26 and on that basis denies them.

27.    In answering Paragraph 27 of the Complaint, Loqman admits Pardini began working for Loqman as a salesperson following termination of Pardini's work relationship with Plaintiff. Loqman, on information and belief, further admits Pardini previously worked as a salesperson for Plaintiff. Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 27 and on that basis denies them.

28.    In answering Paragraph 28 of the Complaint, Loqman denies all allegations contained therein to the extent the allegations implicate Loqman in any conduct described

or referenced in Paragraph 28. Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 28 and on that basis denies them.

29.     In answering Paragraph 29 of the Complaint, Loqman denies all allegations contained therein to the extent the allegations implicate Loqman in any conduct described or referenced in Paragraph 29. Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 29 and on that basis denies them.

30.     Loqman lacks sufficient knowledge to form a belief as to the allegations in Paragraph 30 and on that basis denies them.

31.     Loqman lacks sufficient knowledge to form a belief as to the allegations in Paragraph 31 and on that basis denies them.

32.     Denied.

33.     Loqman lacks sufficient knowledge to form a belief as to the allegations in Paragraph 33 and on that basis denies them.

34.     In answering Paragraph 34 of the Complaint, Loqman incorporates by reference all of Loqman's answers to Paragraphs 1-33 above.

35.     In answering Paragraph 35 of the Complaint, Loqman denies Plaintiff has demonstrated a likelihood of success on the merits as against Loqman. Loqman further denies that a balancing of the equities favors the issuance of an injunction against Loqman. Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 35 and on that basis denies them.

36.     In answering Paragraph 36 of the Complaint, Loqman denies all allegations contained therein to the extent the allegations implicate Loqman in any conduct described or referenced in Paragraph 36. Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 36 and on that basis denies them.

37.     Denied.

38.     In answering Paragraph 38 of the Complaint, Loqman admits Plaintiff requests the injunctive relief described therein for the purposes described therein. Except as herein admitted, the remaining allegations of Paragraph 38 are denied.

39.    In answering Paragraph 39 of the Complaint, Loqman incorporates by reference all of Loqman's answers to Paragraphs 1-38 above.

40.    Loqman lacks sufficient knowledge to form a belief as to the allegations in Paragraph 40 and on that basis denies them.

41.    Loqman lacks sufficient knowledge to form a belief as to the allegations in Paragraph 41 and on that basis denies them.

42.    In answering Paragraph 42 of the Complaint, Loqman incorporates by reference all of Loqman's answers to Paragraphs 1-41 above.

43.    Loqman lacks sufficient knowledge to form a belief as to the allegations in Paragraph 43 and on that basis denies them.

44.    Loqman lacks sufficient knowledge to form a belief as to the allegations in Paragraph 44 and on that basis denies them.

45.    Loqman lacks sufficient knowledge to form a belief as to the allegations in Paragraph 45 and on that basis denies them.

46.    In answering Paragraph 46 of the Complaint, Loqman denies all allegations contained therein to the extent the allegations implicate Loqman in any conduct described or referenced in Paragraph 46.  Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 46 and on that basis denies them.

47.    In answering Paragraph 47 of the Complaint, Loqman denies all allegations contained therein to the extent the allegations implicate Loqman in any conduct described or referenced in Paragraph 47.  Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 47 and on that basis denies them.

48.    In answering Paragraph 48 of the Complaint, Loqman incorporates by reference all of Loqman's answers to Paragraphs 1-47 above.

49.    In answering Paragraph 49 of the Complaint, Loqman denies Loqman schemed with Pardini to engage in any conduct described or referenced in Paragraph 49. Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 49 and on that basis denies them.

50.     In answering Paragraph 50 of the Complaint, Loqman denies all allegations contained therein to the extent the allegations implicate Loqman in any conduct described or referenced in Paragraph 50.  Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 50 and on that basis denies them.

51.     In answering Paragraph 51 of the Complaint, Loqman incorporates by reference all of Loqman's answers to Paragraphs 1-50 above.

52.     In answering Paragraph 52 of the Complaint, Loqman denies all allegations contained therein to the extent the allegations implicate Loqman in any conduct described or referenced in Paragraph 52.  Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 52 and on that basis denies them.

53.     In answering Paragraph 53 of the Complaint, Loqman denies all allegations contained therein to the extent the allegations implicate Loqman in any conduct described or referenced in Paragraph 53.  Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 53 and on that basis denies them.

54.     In answering Paragraph 54 of the Complaint, Loqman denies all allegations contained therein to the extent the allegations implicate Loqman in any conduct described or referenced in Paragraph 54.  Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 54 and on that basis denies them.

55.     In answering Paragraph 55 of the Complaint, Loqman denies all allegations contained therein to the extent the allegations implicate Loqman in any conduct described or referenced in Paragraph 55.  Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 55 and on that basis denies them.

56.     In answering Paragraph 56 of the Complaint, Loqman denies all allegations contained therein to the extent the allegations implicate Loqman in any conduct described or referenced in Paragraph 56.  Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 56 and on that basis denies them.

57.     In answering Paragraph 57 of the Complaint, Loqman denies all allegations contained therein to the extent the allegations implicate Loqman in any conduct described

1    or referenced in Paragraph 57.  Loqman lacks sufficient knowledge to form a belief as to

2    the remaining allegations in Paragraph 57 and on that basis denies them.

3    58.    In answering Paragraph 58 of the Complaint, Loqman denies all allegations

4    contained therein to the extent the allegations implicate Loqman in any conduct described

5    or referenced in Paragraph 58.  Loqman lacks sufficient knowledge to form a belief as to

6    the remaining allegations in Paragraph 58 and on that basis denies them.

7    59.    In answering Paragraph 59 of the Complaint, Loqman denies all allegations

8    contained therein to the extent the allegations implicate Loqman in any conduct described

9    or referenced in Paragraph 59.  Loqman lacks sufficient knowledge to form a belief as to

10   the remaining allegations in Paragraph 59 and on that basis denies them.

11   60.    In answering Paragraph 60 of the Complaint, Loqman incorporates by

12   reference all of Loqman's answers to Paragraphs 1-59 above.

13   61.    In answering Paragraph 61 of the Complaint, Loqman denies all allegations

14   contained therein to the extent the allegations implicate Loqman in any conduct described

15   or referenced in Paragraph 61.  Loqman lacks sufficient knowledge to form a belief as to

16   the remaining allegations in Paragraph 61 and on that basis denies them.

17   62.    In answering Paragraph 62 of the Complaint, Loqman denies all allegations

18   contained therein to the extent the allegations implicate Loqman in any conduct described

19   or referenced in Paragraph 62.  Loqman lacks sufficient knowledge to form a belief as to

20   the remaining allegations in Paragraph 62 and on that basis denies them.

21   63.    In answering Paragraph 63 of the Complaint, Loqman denies all allegations

22   contained therein to the extent the allegations implicate Loqman in any conduct described

23   or referenced in Paragraph 63.  Loqman lacks sufficient knowledge to form a belief as to

24   the remaining allegations in Paragraph 63 and on that basis denies them.

25   64.    In answering Paragraph 64 of the Complaint, Loqman incorporates by

26   reference all of Loqman's answers to Paragraphs 1-63 above.

27   65.    Denied.

28   66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    In answering Paragraph 71 of the Complaint, Loqman incorporates by reference all of Loqman's answers to Paragraphs 1-70 above.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    In answering Paragraph 76 of the Complaint, Loqman incorporates by reference all of Loqman's answers to Paragraphs 1-75 above.

77.    In answering Paragraph 77 of the Complaint, Loqman denies all allegations contained therein to the extent the allegations implicate Loqman in any conduct described or referenced in Paragraph 77.  Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 77 and on that basis denies them.

78.    In answering Paragraph 78 of the Complaint, Loqman denies all allegations contained therein to the extent the allegations implicate Loqman in any conduct described or referenced in Paragraph 78.  Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 78 and on that basis denies them.

79.    In answering Paragraph 79 of the Complaint, Loqman denies all allegations contained therein to the extent the allegations implicate Loqman in any conduct described or referenced in Paragraph 79.  Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 79 and on that basis denies them.

80.    In answering Paragraph 80 of the Complaint, Loqman denies all allegations contained therein to the extent the allegations implicate Loqman in any conduct described or referenced in Paragraph 80.  Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 80 and on that basis denies them.

81.     In answering Paragraph 81 of the Complaint, Loqman denies all allegations contained therein to the extent the allegations implicate Loqman in any conduct described or referenced in Paragraph 81.  Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 81 and on that basis denies them.

82.     In answering Paragraph 82 of the Complaint, Loqman denies all allegations contained therein to the extent the allegations implicate Loqman in any conduct described or referenced in Paragraph 82.  Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 82 and on that basis denies them.

83.     In answering Paragraph 83  of the Complaint, Loqman denies all allegations contained therein to the extent the allegations implicate Loqman in any conduct described or referenced in Paragraph 83.  Loqman lacks sufficient knowledge to form a belief as to the remaining allegations in Paragraph 83 and on that basis denies them.

84.     In answering Paragraph 84 of the Complaint, Loqman incorporates by reference all of Loqman's answers to Paragraphs 1-83 above.

85.     Loqman lacks sufficient knowledge to form a belief as to the allegations in Paragraph 85 and on that basis denies them.

86.     Loqman lacks sufficient knowledge to form a belief as to the allegations in Paragraph 86 and on that basis denies them.

87.     Loqman lacks sufficient knowledge to form a belief as to the allegations in Paragraph 87 and on that basis denies them.

88.     Loqman lacks sufficient knowledge to form a belief as to the allegations in Paragraph 88 and on that basis denies them.

89.     Loqman lacks sufficient knowledge to form a belief as to the allegations in Paragraph 89 and on that basis denies them.

///

///

///

///

## **AFFIRMATIVE DEFENSES**

As and for separate affirmative defense to the Complaint, Loqman alleges as follows:

### **FIRST AFFIRMATIVE DEFENSE**

### **(Unclean Hands)**

The allegations in the Complaint and the relief requested are, barred in whole or in part by the doctrine of unclean hands.  Loqman avers, on information and belief, that Plaintiff hacked into Pardini's personal Yahoo.com email account and gained access to, inter alia, private emails of Pardini, private emails of Loqman, and information for accessing Loqman's email servers.

### **SECOND AFFIRMATIVE DEFENSE**

### **(Identity of Plaintiff's Customers Obvious)**

The alleged trade secrets described in the Complaint are not trade secrets as defined in California Civil Code § 3426.1(d) in that they are obvious from existing public information.

### **THIRD AFFIRMATIVE DEFENSE**

### **(Independent Discovery)**

To the extent Loqman has used information in its business that would otherwise constitute a trade secret or confidential information of Plaintiff, which Loqman denies, Loqman obtained such information by discovery means wholly independent of Plaintiff's alleged trade secrets or confidential information.

### **FOURTH AFFIRMATIVE DEFENSE**

### **(No Notice of Trade Secret Status)**

To the extent Loqman has used information in its business that constitutes a trade secret or constitutes confidential information of Plaintiff, which Loqman denies, Loqman did so without any actual or constructive notice that such information was a trade secret.

///

///

## FIFTH AFFIRMATIVE DEFENSE

### (No Notice of Misappropriation)

To the extent Loqman has received or obtained information that constitutes a trade secret or constitutes confidential information of Plaintiff from a party who misappropriated said information, which Loqman denies, Loqman received or obtained said information in good faith and without knowledge of any misappropriation.

## SIXTH AFFIRMATIVE DEFENSE

### (Disclosure)

To the extent Plaintiff has disclosed to the public any of the information Plaintiff alleges to be a trade secret, Plaintiff has lost any trade secret protection that otherwise attached to such information.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Loqman has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Willful Conduct)

Loqman acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Loqman is found to be unlawful, which Loqman denies, such conduct was not willful and should not give rise to liability.

## NINTH AFFIRMATIVE DEFENSE

### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent any injury or loss sustained was caused by intervening or supervening events over which Loqman had or has no control.

///

///

///

### TENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent Plaintiff has suffered any damage as a result of any alleged act or omission of Loqman, which Loqman denies, Loqman is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Apportionment)

Without admitting any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed to by persons other than Loqman.  The liability, if any exists, of all Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Loqman should be reduced accordingly.

### TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff has failed to take reasonable steps to mitigate any alleged damages it may have suffered and is thus barred from recovering damages, if any, from Loqman.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Furnish Security for Costs and Attorney Fees)

Loqman reserves the right to demand that Plaintiff furnish security for costs and attorney fees.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived its rights, if any, to recover the relief it seeks in the Complaint based upon its own conduct and omissions in response to the departure of ex-employees other than Pardini.

///

///

1

2

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Protected Commercial Speech)

Loqman's alleged conduct and communications in hiring Pardini constitute valid commercial speech, and is therefore entitled to protection under the First Amendment of the Constitution of the United States. Plaintiff's proposed interpretation of the provisions of the California Uniform Trade Secrets Act and California's Unfair Practices Act would place an unreasonable restraint upon valid commercial speech, thereby raising serious constitutional issues.

DATED: November 27, 2007             THE LAW OFFICE OF FELIPE PARKER


                                     /s/
                                     _____
                                     Felipe R. Parker
                                     Attorney for Defendant
                                     Loqman Translations