STEPHEN H. SUTRO (SBN 172168)
TERRANCE J. EVANS (SBN 227671)
**DUANE MORRIS LLP**
One Market, Spear Tower, Ste 2000
San Francisco, CA 94105
Tel: 415-957-3000
Fax: 415-957-3001
shsutro@duanemorris.com
tjevansvans@duanemorris.com

Attorneys for Plaintiff
LinguaLinx Language Solutions, Inc.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINGUALINX LANGUAGE SOLUTIONS, INC. a New York Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ADRIENNE PARDINI, an individual, and LOQMAN TRANSLATIONS, a division of LOQMAN COMMUNICATIONS GROUP, LLC,<br><br>    Defendants. | Case No. CV-07-5575<br><br>ANSWER OF PLAINTIFF LINGUALINX LANGUAGE SOLUTIONS, INC. TO THE COUNTERCLAIMS OF DEFENDANT LOQMAN COMMUNICATIONS GROUP, LLC |

LinguaLinx Language Solutions, Inc. ("LinguaLinx"), by and through its undersigned counsel, hereby answers the Counterclaims of Defendant Loqman Communications Group, LLC, as follows:

//

//

---

ANSWER OF PLAINTIFF LINGUALINX LANGUAGE SOLUTIONS, INC. TO THE COUNTERCLAIMS OF DEFENDANT LOQMAN COMMUNICATIONS GROUP, LLC

## AS TO THE GENERAL FACTUAL ALLEGATIONS

1. Admitted in part, denied in part. LinguaLinx admits that David Smith is its founder, and that he worked for Transperfect Translations ("Transperfect") before forming LinguaLinx, that Transperfect is a competitor of Plaintiff and LinguaLinx, and that during Mr. Smith's employment with Transperfect, Mr. Smith had access to certain databases containing client information. Mr. Smith left the employment of Transperfect in or about August, 2001. LinguaLinx denies the remaining allegations contained in paragraph 1 of the Counterclaims.

2. Denied as stated. While LinguaLinx admits that Mr. Smith, at one time, had information relating to Transperfect's customer and pricing, Mr. Smith did not use any such information to build LinguaLinx's customer base. To the contrary, in or around the latter part of 2001, and to the extent there was any dispute between and Transperfect, Mr. Smith returned any and all relevant information relating to Transperfect's customers and pricing to Transperfect as part of his agreement to fully resolve any and all such disputes. At the time the information was returned, Mr. Smith was working for a different and separate company called Merrill Corporation. At all times both at and before the time of his resolution of any possible disputes and return of the aforesaid information, Mr. Smith made no use of such information. LinguaLinx's customer list was compiled and developed wholly independent of and not based upon any information obtained from Transperfect.

3. Admitted in part, denied in part. LinguaLinx had the intent to terminate Pardini's employment with LinguaLinx on October 15, 2007. However, said termination was never consummated as Pardini failed to appear at work and was assumed to have quit her employment prior thereto. LinguaLinx admits that its attorney, John Vero, Esquire, sent to Loqman a letter dated October 16, 2007, and that said letter is attached to the Counterclaims as Exhibit "A". LinguaLinx denies the remaining allegations contained in paragraph 3 of the Counterclaims.

1 | 4. Admitted in part, denied in part. The letter attached as Exhibit "A" is a document which speaks for itself. Therefore, LinguaLinx admits the allegations contained in paragraph 4 of the Counterclaims which are consistent with the letter, and denies those which are not. By way of further denial, the demands made by LinguaLinx were made in connection with its attempt to mitigate the injury caused by the activities already conducted by Pardini as of that time in violation of her contractual, trade secret, statutory and common law obligations to LinguaLinx.

5. Denied. LinguaLinx denies the allegations contained in paragraph 5 of the Counterclaims.

6. Admitted in part, denied in part. LinguaLinx admits that it filed the present lawsuit on November 1, 2007. The lawsuit is contained in the Complaint which speaks for itself. Therefore, as to the remaining allegations contained in paragraph 6 of the Counterclaims, LinguaLinx admits those which are consistent with the Complaint, and denies those that are not.

## AS TO THE FIRST CAUSE OF ACTION

7. LinguaLinx incorporates by reference its answers above, as though more fully set forth herein at length.

8. Admitted in part, denied in part. LinguaLinx admits that Loqman and Pardini entered into some sort of business relationship by which Pardini was employed and/or otherwise affiliated with Loqman. LinguaLinx denies the remaining allegations contained in paragraph 8 of the Counterclaims for lack of sufficient knowledge to form a belief, and, on that basis, denies them.

9. Admitted in part, denied in part. LinguaLinx admits only that it was aware that Loqman and Pardini entered into some sort of business relationship by which Pardini was employed and/or otherwise affiliated with Loqman. LinguaLinx denies the remaining allegations contained in paragraph 9 of the Counterclaims.

10. Denied. LinguaLinx denies the allegations contained in paragraph 10 of the Counterclaims.

11. Denied. LinguaLinx denies the allegations contained in paragraph 11 of the Counterclaims as conclusions of law to which no response is required. However, to the extent paragraph 11 requires a response, LinguaLinx denies the allegations.

12. Denied. LinguaLinx denies the allegations contained in paragraph 12 of the Counterclaims. By way of further answer, Loqman is only precluded from utilizing to its benefit the trade secrets stolen and/or misappropriated by Loqman and/or Pardini in violation of the obligations owed to LinguaLinx under the statutory and/or common law of California.

13. Denied. LinguaLinx denies the allegations contained in paragraph 13 of the Counterclaims.

14. Denied. LinguaLinx denies the allegations contained in paragraph 14 of the Counterclaims.

## AS TO THE SECOND CAUSE OF ACTION

15. LinguaLinx incorporates by reference its answers above, as though more fully set forth herein at length.

16. Denied. LinguaLinx denies the allegations contained in paragraph 16 of the Counterclaims.

17. Denied. LinguaLinx denies the allegations contained in paragraph 17 of the Counterclaims because the term "regular business practice" is vague, susceptible to various interpretations, and LinguaLinx is unsure how it is being used by Loqman. By way of further denial, the allegations stated in Plaintiff's Complaint speak precisely in terms of the specific facts at issue in this proceeding.

18. Denied. LinguaLinx denies the allegations contained in paragraph 18 of the Counterclaims. By way of further denial, the allegations stated in Plaintiff's Complaint speak precisely in terms of the specific facts at issue in this proceeding.

19. Denied. LinguaLinx denies the allegations contained in paragraph 19 of the Counterclaims. By way of further denial, the allegations stated in Plaintiff's Complaint speak precisely in terms of the specific facts at issue in this proceeding.

20. Denied. LinguaLinx denies the allegations contained in paragraph 20 of the Counterclaims. By way of further denial, the allegations stated in Plaintiff's Complaint speak precisely in terms of the specific facts at issue in this proceeding.

### AS FOR ITS AFFIRMATIVE DEFENSES

*AS FOR A FIRST AFFIRMATIVE DEFENSE*

21. Loqman has failed to set forth, in whole or in part, a cause of action upon which relief may be granted.

*AS FOR A SECOND AFFIRMATIVE DEFENSE*

22. Loqman's claims against LinguaLinx are barred by the doctrines of estoppel, waiver, and/or unclean hands.

*AS FOR A THIRD AFFIRMATIVE DEFENSE*

23. For the reasons set forth in LinguaLinx's Complaint, which is incorporated herein by reference, Loqman's Counterclaims will fail.

### PRAYER

WHEREFORE, LinguaLinx prays the Court to enter judgment against Defendant on the First and Second Count of the Counterclaims, that the Counterclaims be dismissed with prejudice, that LinguaLinx be awarded its

//
//
//
//
//
//
//
//
//
//

attorneys' fees and costs to the fullest extent permitted by law, that costs be taxed against Defendant, and that Defendant takes nothing.

Respectfully submitted,

DUANE MORRIS LLP

Dated: January 4, 2008        By: _____
                                  TERRANCE J. EVANS
                                  Attorneys for Plaintiff
                                  LinguaLinx Language Solutions, Inc.

OF COUNSEL:
Thomas T. Loder
Brett L. Messinger
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-7396
Tel. (215) 979-1246/1153/1866
Fax. (215) 979-1020

Attorneys for Plaintiff
LinguaLinx's Language Solutions, Inc.