STEPHEN H. SUTRO (SBN 172168)
TERRANCE J. EVANS (SBN 227671)
**DUANE MORRIS LLP**
One Market, Spear Tower, Ste 2000
San Francisco, CA 94105
Tel: 415-957-3000
Fax: 415-957-3001
shsutro@duanemorris.com
tjevansvans@duanemorris.com

Attorneys for Plaintiff
LinguaLinx Language Solutions, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINGUALINX LANGUAGE SOLUTIONS, INC. a New York Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ADRIENNE PARDINI, an individual, and LOQMAN TRANSLATIONS, a division of LOQMAN COMMUNICATIONS GROUP, LLC,<br><br>Defendants. | Case No. CV-07-5575<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT** |

**TO THE COURT:**

Consistent with the Order of the Honorable Maxine M. Chesney, U.S.D.J., the parties hereby submit their Joint Case Management Statement and Report pursuant to Rule 26(f).

1

**JOINT CASE MANAGEMENT STATEMENT**

1.  **Jurisdiction and Service**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in that this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and cost. The Court also has diversity jurisdiction over Defendant Loqman Communications Group, LLC's counterclaim. All parties have been served.

2.  **Facts**

Plaintiff LinguaLinx Language Solutions, Inc. ("LinguaLinx") alleges that it is engaged in the business of, among other things, translations services. Defendant Adrienne Pardini ("Pardini") was previously employed by LinguaLinx. She left LinguaLinx's employment to become employed or otherwise affiliated with Defendant Loqman Communications Group, LLC ("Loqman"), which is another translation services company, and a competitor of LinguaLinx.

LinguaLinx hired Pardini on October 16, 2006, as a Vendor Manager, and thereafter, entered into a Confidentiality and Non-Compete Agreement (the "Confidentiality Agreement"), by which Pardini, agreed, among other things, to not use, except for the benefit of LinguaLinx, LinguaLinx's confidential and proprietary information. Additionally, LinguaLinx alleges that at the time of her employment

with LinguaLinx, Pardini was provided—and agreed to be bound by—LinguaLinx's Employee Handbook, which set forth, *inter alia*, Pardini's duty to protect LinguaLinx's Proprietary and Confidential information from disclosure.

As a Vendor Manager, Pardini worked primarily in LinguaLinx's main office located in Schenectady, New York. Her primary duty was to secure vendor relationships for LinguaLinx. LinguaLinx alleges that in early 2007, Pardini was transferred to the sales department of LinguaLinx, where her duties included soliciting and receiving orders and securing clients for, *inter alia*, LinguaLinx's translation. LinguaLinx further alleges that as part of Pardini's employment with LinguaLinx, Pardini had access to certain proprietary and confidential information of LinguaLinx, including trade secrets, business models, client lists, marketing plan and sales strategies.

In 2007, following discussions between Pardini and LinguaLinx, LinguaLinx opened a San Francisco office, and Pardini, a native of California, moved to San Francisco to both manage and operate the new office on behalf of LinguaLinx. LinguaLinx alleges, however, that despite Pardini's obligations to it, she failed to dedicate her full efforts to LinguaLinx's San Francisco office. Rather, LinguaLinx alleges that in and before October 2007, Pardini, began secretly planning with Loqman to divert LinguaLinx customers to Loqman, and eventually make a lateral employment move to Loqman. In pursuit of this plan, LinguaLinx alleges that: (1)

3

Pardini forwarded information regarding a number of potential business development opportunities from LinguaLinx to Loqman; (2) Pardini invited and met with representatives of Loqman at LinguaLinx's San Francisco office for the purpose of divesting business and information from LinguaLinx to Loqman; (3) Loqman set up an email account for Pardini to enable Pardini to appear as an employee of Loqman; (4) Pardini downloaded and electronically forwarded to herself copies of LinguaLinx's confidential and proprietary client list; and (5) Pardini committed other similar acts to misappropriate LinguaLinx's confidential and proprietary information. In addition, LinguaLinx alleges that Pardini misappropriated and failed to return certain property of LinguaLinx, specifically, a promotional display utilized by LinguaLinx in marketing to perspective clients; and a LinguaLinx cellular phone.

Upon discovery of the scheme as alleged above, LinguaLinx filed the present lawsuit seeking injunctive and other relief against Pardini and Loqman based upon the following causes of action (*viz.*): (i) Breach Of Contract; (ii) Misappropriation Of Trade Secrets (Cal. Civ. Code §3426 Et Seq.); (iii) Breach Of Duty Of Loyalty And Fiduciary Duty; Unfair Competition (Bus. & Prof. Code § 17200); (iv) Interference With Contractual Relations; (vi) Interference With Actual/ Prospective Business Relations; (vi) Conspiracy; and (vii) Conversion.

Pardini has yet to answer the Complaint, as the parties have been negotiating a settlement, which they believe will be consummated within the next few days.

4

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT

Loqman has answered the Complaint, denying all allegations of wrongdoing, and has interposed against LinguaLinx a counterclaim. In its counterclaim, Loqman alleges that the information claimed to be confidential and proprietary by LinguaLinx is not subject to protection because it was misappropriated by LinguaLinx's owner and president, David Smith. Accordingly, Loqman claim that LinguaLinx is liable to it under two separate theories, *viz.*: (1) Interference with Prospective Relations and Unfair; and (2) Unfair Business Practices.

3.  **Legal Issues**

The major legal issues involve:

(1) Whether LinguaLinx is entitled to an injunction against Defendants under the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code §§ 3426, *et seq. See Morlife, Inc. v. Perry,* 56 Cal. App.4th 1514, 1519, 66 Val. Rptr.2d 731 (1st Dist. 1997), and cases cited therein.

(2) Whether LinguaLinx is entitled to enforcement of its Confidentiality and Non-Compete Agreement and Employee Handbook. *See John F. Matall & Assoc. v. Cloutier,* 194 Cal. App.3d 1049 (1987); *MAI Systems Corp. v. Peak Computers, Inc.,* 991 F.2d 511 (9th Cir. 1993); *Micromanipulator v. Bough,* 779 F.2d 255 (5th Cir. 1985).

(3)     Whether LinguaLinx is entitled to protection of its confidential customer lists. CUTSA, *Merrill Lynch v. Chung,* 127 F.Supp.2d 1305 (C.D. Cal. 2000); *Morlife, supra, MAI Systems Corp., supra.*

(4)     Whether Defendants engaged in unfair competition. California Business & Professional Code, §§17200, *et seq.*

(5)     Whether LinguaLinx's conduct as alleged in Loqman's counterclaims constitutes an "independently wrongful act" for purposes of Loqman's claim for tortuous interference with prospective economic relations. *Korea Supply Co. v. Lockheed Martin Corp.* 29 Cal.4th 1134, 1153-1154 (2003); *CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099 (9th Cir. 2007); *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980 (S.D.Cal.1999).

4.      **Motions**

There are no motions currently pending, , nor are any contemplated at this time. However, the parties anticipate filing of dispositive motions at the completion of discovery, should a settlement not be reached. A motion for an injunction may also be filed.

5.      **Amendment of Pleadings**

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT

The parties do not currently anticipate that parties, claims or defenses are to be added or dismissed at the present time. The parties propose that any request to amend the pleadings be filed no later than 60 days prior to the time of trial, absent exceptional circumstances.

6. **Evidence Preservation**

The parties represent to each other that reasonable steps have been taken to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures**

In light of the impending settlement agreements being circulated, the parties propose that Initial Disclosures be made within 30 days.

8. **Discovery**

No discovery has been taken to date. If this case does not settle, the parties will engage in written discovery, and will abide by the scope and limitations contained in the Federal Rules of Civil Procedure. See also the "Report on Rule 26(f) Conference" contained herein at the end of the Joint Case Management Statement. The parties propose the following deadlines:

- Discovery Cut-off on June 6, 2008
- Expert Disclosures by June 27, 2008. :

7

- Expert Depositions to be completed by July 25, 2008
- Dispositive Motion Cut-off to be filed by August 25, 2008
- Final Pre-Trial Conference: September ___, 2008
- Jury or Court Trial: October ___, 2008

9. **Class Action**

Not applicable.

10. **Related Cases**

None.

11. **Relief**

LinguaLinx seeks a temporary, preliminary and permanent injunctive relief, together with damages for all violations and breaches of LinguaLinx's rights, exemplary and/or punitive damages based thereon, disgorgement, payment of LinguaLinx's attorneys' fees, in amounts yet to be determined. Damages shall be calculated as allowed by law, including compensation for loss of business, loss of good will, loss of prospective customers, loss of customer, loss of money invested to create the San Francisco office, and loss of the value paid to Pardini as salary. LinguaLinx also seeks either a return of its cellular telephone and promotional display or compensation for its conversion. Loqman seeks damages in a yet undetermined amount on their causes of action based upon alleged interference with

8

prospective economic relations and unfair business practices. Loqman's damages will be calculated on the basis that it allegedly lost the opportunity to conduct business with customers improperly claimed by LinguaLinx to be trade secrets.

### 12. Settlement and ADR

LinguaLinx and defendant Loqman have entered into a settlement agreement, for which a condition precedent is an execution of a written settlement agreement between LinguaLinx and defendant Pardini. The parties believe that the matters will be resolved in the next few days, as draft settlement agreements have been circulated between LinguaLinx and Pardini. The parties have chosen the court's mediation program, and have had an initial conference with the mediator. However, in light of anticipated settlement, the parties have not yet scheduled a mediation.

### 13. Consent to Magistrate Judge For All Purposes

At the present time, the parties have not agreed to have a magistrate judge conduct further proceedings. If settlement does not go through, the parties will again address whether they will consent to have all further proceedings conducted by a magistrate judge.

### 14. Other References

The case is not suitable for binding arbitration, a special master nor the MDL Panel.

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT

15. **Narrowing of Issues**

Except for authentication of documents, issues will not likely be narrowed by stipulation.

16. **Expedited Schedule**

Realistic deadlines have been set forth in section 8 above.

17. **Scheduling**

See section 8 above.

18. **Trial**

A demand for a jury trial has been perfected by Plaintiff. The case is expected to conclude after five trial days, if a settlement cannot be finalized.

19. **Disclosure of Non-party Interest Entities or Persons.**

Defendant Loqman filed its Certification on November 7, 2007. The contents of that certification are as follows:

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

(1) Natalie Mann
(2) Tarek Dachraoui

10

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT

Disclosure of Non-Party interest is not applicable in this case, as no non-interest party, entity or person has either (a) a financial interest in the subject matter in controversy or in a party to the proceeding; or (b) any other kind of interest that could be substantially affected by the outcome of the proceeding.

## REPORT ON RULE 26(f) CONFERENCE

**(A)  What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosure were made or will be made.**

The Parties propose that Rule 26(a) disclosures be made two-weeks following any declaration of an impasse for settlement. No changes to the timing, form or requirement are suggested at this time.

**(B)  the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to or focused on particular issues.**

Discovery will be needed in regard to the issues identified in paragraph 3 above, and factual discovery should be completed within the scheduled described in paragraph 8. There is no need for discovery to be conducted in phases or to focus first on a particular issue.

**(C)  any issues about disclosure or discovery of electronically stored information, including the forms or forms in which it should be produced.**

The parties do not suggest any deviation from the Federal Rules of Civil Procedure.

**(D)  any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert**

11

these claims after production – whether to ask the court to include their agreement in an order;

A protective order has been entered in this case which deals with these issues.

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

None.

(F) any other orders than the court should issue under Rule 26(c) or under Rule 16(b) and (c).

A protective order has been entered in this case which deals with these issues. However, if settlement cannot be reached, Defendant Loqman requests the court to require that Plaintiff, prior to and as a precondition to initiating discovery, identify (subject to the provisions of the protective order) the customers it is seeking to protect as trade secrets. *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980 (S.D.Cal.1999).

DUANE MORRIS LLP

_____
Terrance J. Evans
Attorneys for Plaintiff LinguaLinx
Language Solutions, Inc.

LAW OFFICES OF FELIPE PARKER

_____
Felipe Parker
Attorneys for Loqman Translations, a division of Loqman Communications Group, LLC

SOMMERS LAW GROUP

_____
Stephen A. Sommers
Attorneys for Defendant Adrienne Pardini

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT

these claims after production – whether to ask the court to include their agreement in an order;

A protective order has been entered in this case which deals with these issues.

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

None.

(F) any other orders than the court should issue under Rule 26(c) or under Rule 16(b) and (c).

A protective order has been entered in this case which deals with these issues. However, if settlement cannot be reached, Defendant Loqman requests the court to require that Plaintiff, prior to and as a precondition to initiating discovery, identify (subject to the provisions of the protective order) the customers it is seeking to protect as trade secrets. *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980 (S.D.Cal.1999).

DUANE MORRIS LLP

_____
Terrance J. Evans
Attorneys for Plaintiff LinguaLinx
Language Solutions, Inc.

SOMMERS LAW GROUP

_____
Stephen A. Sommers
Attorneys for Defendant Adrienne Pardini

LAW OFFICES OF FELIPE PARKER

_____
Felipe Parker
Attorneys for Loqman Translations, a division of Loqman Communications Group, LLC

---

*JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT*
12
DM1\1278058.1

Field Code Changed