SOMMERS LAW GROUP
STEPHEN A. SOMMERS, SBN 225742
870 Market Street, Ste. 1142
San Francisco, CA 94102
(415) 839-8569 (Tel)
(415) 956-0878 (Fax)
ssommers@sommerslaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINGUALINX LANGUAGE SOLUTIONS, INC., a New York Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ADRIENNE PARDINI, an individual, and LOQMAN TRANSLATIONS, a division of LOQMAN COMMUNICATIONS GROUP, LLC,<br><br>Defendants. | CASE NO. CV-07-5575<br><br>**DECLARATION OF STEPHEN SOMMERS REGARDING NONAPPEARANCE AT TELEPHONE CONFERENCE ON FEBRUARY 28, 2008** |

1. I am an attorney licensed to practice before the United States District Court, Northern California District. If called to testify, I could and would attest to the following from my personal knowledge.

2. Defendant Adrienne Pardini hired me in a limited scope representation arrangement to represent her to negotiate a settlement in this case on November 8, 2007. On November 8, 2007, Plaintiff had yet to serve Pardini, although Pardini was aware of the filing of the case.

3. At no time has my office filed an answer in this matter.

4. On or about January 17, 2008, after numerous failed attempts by Plaintiff to serve Pardini, I agreed on Pardini's behalf that she had accepted service. However, in the stipulation,

my firm did not agree to accept service on her behalf, only that she would agree that she had been served. In negotiating the stipulation, I specifically required that I not stipulate that I am appearing as attorney of record. The stipulation also provides an extension of time to January 25, 2008 in which Pardini could file an answer. Attached hereto as Exhibit A is a true and accurate copy of the stipulation agreement.

5. In my role as representative in settlement negotiations on Pardini's behalf, I had numerous lengthy conversations with attorney for Plaintiff, Brett Messinger and exchanged numerous draft agreements. Messinger is an attorney for the Plaintiff's firm Duane Morris, LLP, but is not admitted to practice law in California. Messenger's office is located in Philadelphia, Pennsylvania. I estimate that I have had approximately twenty (20) telephone conversations with Messinger. Messinger has been the lead contact for Plaintiff. I strictly dealt with Messinger. I do not recall ever having met or having a telephone conversation with either of Plaintiff's counsels of record, Stephen Sutro and Terrance Evans.

6. Aside from a possible motion to quash service, on several occasions, I explicitly told Messinger that my representation of Pardini was limited in scope to negotiations only. On repeated occasions, I explicitly told Messinger that I did not intend to represent Pardini in court. On each occasion, Messinger acknowledged that he understood my limited scope representation.

7. From early in the negotiations, Messinger and I recognized and agreed that this was not a case that needed to be litigated, but that his client did need a signed agreement to protect the trade secrets allegedly misappropriated by defendants. That being said, negotiations were complicated by a history of deep mistrust between the parties and Pardini's leaving the employment of co-defendant Loqman and subsequently moving to her native state of New York.

8. In order to provide enough time to complete negotiations, on two occasions Messinger requested that Pardini agree to a stipulation to reset dates of case management conferences. Despite the fact I did not want to appear, I did sign the stipulations.

9. By March 6, 2008, Messinger and I had reached a complete verbal agreement on all terms and agreement to all language except one clause that needed a final revision. It was my expectation that an executed settlement and full dismissal of the complaint was imminent.

10.     On March 6, 2008, I gave Pardini the news that we were all done except for one clause that needed some tweaking. Pardini, who had just became unemployed and had to pay for her move back to her native New York, dismissed me as her attorney to save legal expenses associated with closing the deal.

11.     On March 7, 2008, Messinger telephoned me and told me that he had received a voice message from Pardini indicating that she had dismissed me as her counsel and wanted to deal with him directly. I confirmed those facts and confirmed that she was from that day forward acting in *pro per* to complete the final negotiations and execution of the agreement.

12.     Later on March 7, Messinger copied me on an email from him to Pardini where Messinger acknowledged speaking with her directly. Attached to the email was a response to an apparent request by Pardini for a "working copy of the agreement." Attached hereto as Exhibit B is a true and accurate copy of Messinger's email.

13.     Although it was clear to Messinger that my attorney client relationship with Pardini was terminated, he still copied me on emails he sent to Pardini. Pardini did not copy me on any emails from her to Messinger. Initially, I reviewed the emails. The first few emails were very perfunctory about very minor language changes Pardini wanted, and the like. After reviewing the first few emails, I stopped reading them.

14.     On March 26, 2008, Messinger sent me an email with "help" as the subject line. This email caught my attention and I opened. Messinger informed me that Pardini had signed the agreement but failed to have it notarized. He requested, essentially as a favor, my assistance in getting her to do so. I was surprised the case was not competed yet. I replied with a short email telling him that I doubted she would take my call, but I would try.

15.     Later on March 26, 2008, Messinger called me to see if I had reached Pardini. I told him I had yet to try. He informed that because he was under an upcoming court obligation, he could have her just sign a new agreement that did not contain the notary language. I told him that I had not communicated with Pardini since she terminated me. I also told him that I felt it was unlikely that she would accept a call from me fearing it might be a collection call. **At no time** during this conversation did Messinger ask me why I did not participate in the case

1 | management statement, Rule 26(f) report, the stipulation to extend the initial case management
2 | conference or my participation in the upcoming initial case management conference.

16. On March 28, 2008, I received a telephone call from Judge Chesney's office indicating that I was expected to attend a case management conference that same day. As soon as I received that message, I called Judge Chesney's office and was told that Judge Chesney instructed me to prepare this declaration explaining my absence.

17. In preparation of this declaration, I reviewed all the emails that I received from Messinger from March 7, 2008, the date Pardini terminated our relationship, to the present, which included a few unopened emails.

18. When reviewing the emails, I found one dated March 13, 2008 from Messenger that attached a letter from Plaintiff's local counsel Terrance Evans to Judge Chesney. In this letter, Evans acknowledges that Pardini is now acting in *pro per*. Attached to this letter as Exhibit C is a true and accurate copy of Evan's letter.

19. Another email had a letter attached from Evans to Judge Chesney, dated March 17, 2008, asserting that "Despite numerous attempts by email and phone calls from [Evan's] office on March 13th and 14th of 2008 to Stephen A. Sommers, counsel for Defendant Adrienne Pardini, we were unable to get any response from Mr. Sommers to our request for a copy of his executed signature page." Upon review of my emails, I did discover emails from March 13 and 14 from Messinger, but no emails from Evans or Evans's California office. Also, at no time from March 7 to March 26, 2008, did I receive any telephone calls from anyone associated with this case.

20. I have a system in my office to record all voice mails and other telephonic messages. During the period of March 7 through March 26, 2008, my administrative assistant, Stephanie Joynt, is the only person who retrieves voice messages. When I am out of the office, Joynt is the only person authorized to answer the firm's telephone. After retrieving a voice message or a telephone call to me, Joynt sends me an email with the name of the caller in the subject line and briefly describes the message in the body of the email. I retain all of Joynt's emails to maintain a complete record of messages.

21. I have reviewed all my emails from Joynt from March 7 through March 26, 2008. There is record of any telephone messages from anyone associated with this case during that period. Attached hereto as Exhibit D are the only two telephone messages from March 13 and 14, 2008.

22. I have never been listed as an attorney of record on the docket in this case. I have also not received any ECF emails.

23. I now recognize that since I signed the stipulations to continue the case management conference, in addition to notifying opposing counsel, I should have also filed a motion to be removed as counsel to insure the Court was clear that my attorney client relationship had ended. I sincerely apologize for not having done so and any confusion that my inaction may have caused.

I hereby declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 28, 2008        Signed: _____
                                     Stephen Sommers

Executed in San Francisco, California

# EXHIBIT A

1  STEPHEN H. SUTRO (SBN 172168)
   TERRANCE J. EVANS (SBN 227671)
2  **DUANE MORRIS LLP**
   One Market, Spear Tower, Ste 2000
3  San Francisco, CA 94105
   Tel: 415-957-3000
4  Fax: 415-957-3001
   shsutro@duanemorris.com
5  tjevansvans@duanemorris.com

6  Attorneys for Plaintiff
   LinguaLinx Language Solutions, Inc.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINGUALINX LANGUAGE SOLUTIONS, INC. a New York Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ADRIENNE PARDINI, an individual, and LOQMAN TRANSLATIONS, a division of LOQMAN COMMUNICATIONS GROUP, LLC,<br><br>Defendants. | Case No. CV-07-5575<br><br>*STIPULATION ACCEPTING SERVICE OF PROCESS AND EXTENDING TIME TO ANSWER AS TO THE COMPLAINT* |

IT IS HEREBY STIPULATED by and between Sommers Law Group, on

behalf of Defendant Adrienne Pardini, and Duane Morris LLP, on behalf Plaintiff

LinguaLinx Language Solutions, Inc.: (1) that service is acknowledge and accepted

*STIPULATION* DM1\1274192.1

by Defendant Adrienne Pardini; and (2) that Defendant Adrienne Pardini shall have up to and including January 25, 2008 to file an answer to the Complaint.

| DUANE MORRIS LLP | SOMMERS LAW GROUP |
|---|---|
| Terrance J. Evans | Stephen N. Sommers |
| Attorneys for Plaintiff LinguaLinx Language Solutions, Inc. | Attorneys for Defendant Adrienne Pardini |

# EXHIBIT B



Stephen Sommers <stevesommers@gmail.com>

# Agreement

**Messinger, Brett L. <BLMessinger@duanemorris.com>**    Fri, Mar 7, 2008 at 2:57 PM

To: adrienne.pardini@gmail.com
Cc: ssommers@sommerslaw.com, David Smith <dsmith@lingualinx.com>, "Loder, Thomas T." <TTLoder@duanemorris.com>

Dear Adrienne:

It was nice speaking with you today. As you requested, I have attached a working copy of the agreement. I understand that you will have a few suggested changes. Hopefully, we can wrap this up on Monday.

Have a nice weekend.



**Brett L. Messinger**
Associate
Duane Morris LLP
30 South 17th Street             ● BIO
Philadelphia, PA 19103-4196      ● E-MAIL
P: 215.979.1508                  ● WEB SITE
F: 215.979.1020                  ● VCARD
C: 609.790.0387

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

📎 AGreement - Sommers_Version.DOC
100K

# EXHIBIT C

DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

TERRANCE J. EVANS
DIRECT DIAL: 415.957.3130
E-MAIL: tjevans@duanemorris.com

www.duanemorris.com

March 13, 2008

Hon. Maxine M. Chesney
United States Magistrate Judge
United States District Court for the Northern District
of California
450 Golden Gate Avenue
Courtroom 7, 19th Floor
San Francisco, CA 94102

Re: LinguaLinx Language Solutions, Inc. v. Pardini, et al.
    No. CV 07 5575

Dear Judge Chesney:

As you are aware, this firm represents LinguaLinx Language Solutions, Inc. in the above identified matter. This letter is a follow-up to our letter to you dated, February 26, 2008, wherein we summarized our settlement negotiations, and requested a two week extension of certain deadlines contained in the Order Setting Initial Case Management Conference and ADR Deadlines. That request was granted and the time for filing the Rule 26(f) report, completion of initial disclosures or objections, and the filing of the Case Management Statement was extended until March 14th. I am happy to report that what is believed to be a final settlement agreement between LinguaLinx and Loqman Translations has been circulated and the parties hope to have it executed prior to the end of this week. There is a separate agreement drafted between LinguaLinx and Pardini, which is close to being finalized. There has been a bit of a delay in the finalization of the Pardini agreement, insofar as Ms. Pardini, with the authorization of her counsel, has been handling the finalization of the agreement *pro se*. We hope that the Pardini agreement will also be executed this week. The Loqman agreement contains a condition precedent, which makes it valid and enforceable only upon the execution of the Pardini agreement.

With this background, the parties request that the Rule 26(f) report, completion of initial disclosures or objections, and the filing of the Case Management Statement be extended one more week, or until March 21st. The parties are not requesting a continuance of the Initial Case Management Conference, but will leave it to the Court to determine whether it too should be extended upon determination that the current date for filing a Rule 26(f) report, completion of

DuaneMorris

Hon. Maxine M. Chesney
March 13, 2008
Page 2

initial disclosures or objections, and the filing of the Case Management Statement should be extended.

     If Your Honor requires a telephone conference to address this letter or the Stipulation and Proposed Order, I will be available on short notice.

     Thank you for your consideration.

                                 Respectfully yours,

                                 Terrance J. Evans

TJE/sg
cc:    Stephen A. Sommers, Esquire
       Felipe R. Parker, Esquire
       Brett L. Messinger, Esquire

DM1\1294921.3

# EXHIBIT D



Stephen Sommers <stevesommers@gmail.com>

## Message: Adam Hibble

**Chase Joynt <chase.joynt@gmail.com>**  Thu, Mar 13, 2008 at 11:46 AM
To: Stephen Sommers <stevesommers@gmail.com>

Please call Adam regarding Heim, he wants to know if he should start writing a detailed e-mail this afternoon. (925) 283-5774



Stephen Sommers <stevesommers@gmail.com>

## Message: Jessica ALRP

Chase Joynt <chase.joynt@gmail.com>                                    Fri, Mar 14, 2008 at 11:30 AM
To: Stephen Sommers <stevesommers@gmail.com>

415-701-1100 x315 Please call, she wants to know if you would like to take a case.

AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE

I, the undersigned, am employed in the County of San Francisco; I am over the age of eighteen years and not a party to the within action.

I am employed by the Sommers Law Group, 870 Market Street, Suite 1142, San Francisco, California 94102.

On March 31, 2008, I served the following document(s) entitled:

**Declaration of Stephen Sommers Regarding Nonappearance at Telephone Conference on February 28, 2008**

on the interested parties in this action by mailing a true and accurate copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, and by causing such envelope to be deposited in the mail at 870 Market Street, Suite 1142, San Francisco, California 94102, addressed as follows:

Terrance J. Evans
One Market, Spear Tower, Suite 2000
San Francisco, CA 94105-1104

Felipe Parker
405 49th St
Oakland, CA, 94609

I am readily familiar with the firm's practice of collecting and processing correspondence for mailing with the United States Postal Service: it is deposited with the United States Postal Service on that same day in the ordinary course of business.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 31, 2008                           San Francisco, California

                                                _____
                                                Stephanie Joynt